UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                      :

SECURITIES INVESTOR PROTECTION    :
CORPORATION,                              :

               Plaintiff-Applicant,     :     No. 08-01789 (BRL)

                                :     SIPA Liquidation

            v.                   :     (Substantively Consolidated)

BERNARD L. MADOFF INVESTMENT    :
SECURITIES LLC,                     :
                                :

               Defendant           :
-------------------------------------------------------------X
                                        :

In re:                                 :

BERNARD L. MADOFF,                :

               Debtor.            :
-------------------------------------------------------------X
                                        :

IRVING PICARD, Trustee for the       :
Liquidation of Bernard L. Madoff Investment  :
Securities LLC,                     :
                                :

               Plaintiff          :     Adv. Pro. No. 12-01209 (BRL)

            v.                   :

BSI AG, individually and as         :
successor-in-interest to               :
BANCO DEL GOTTARDO,          :
                                :

               Defendant.        :
-------------------------------------------------------------X

## MEMORANDUM OF LAW OF DEFENDANT BSI AG
## TO WITHDRAW THE REFERENCE TO THE BANKRUPTCY COURT

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ...................................................................................................... 1

ARGUMENT ...................................................................................................................... 2

CONCLUSION .................................................................................................................... 4

# <u>TABLE OF AUTHORITY</u>

**<u>Statutes</u>**                                                                                          **<u>Page(s)</u>**

11 U.S.C. §548(C) ............................................................................................ 3

11 U.S.C. §548(d)(2)(A) .................................................................................. 3

11 U.S.C. §550 (a) ....................................................................................... 1, 2, 3

11 U.S.C. §551 ............................................................................................... 1, 2

15 U.S.C. §78fff-2(c)(3) ................................................................................ 1, 2

28 U.S.C. §157(d) ............................................................................................. 1

Fed. R. of Bankr. Pro., Rule 5011(a) ............................................................... 1

Local Rules of the Bankruptcy Court, Rule 5011-1 ......................................... 1

**<u>Cases</u>**

*Picard v. Avellino, Nos.* 11 Civ. 3882, 11 Civ. 4772, 11 Civ. 4928, 11 Civ. 6244, 11 Civ. 5835, 2012 WL 826602 (S.D.N.Y. Feb. 29, 2012) ............................................................ 3

*Picard v. Flinn Invs., LLC,* B.R. 280 (S.D.N.Y, 2011) ............................................................ 3

Defendant BSI AG ("BSI") respectfully submits this memorandum of law, along with the Declaration of Charles C. Platt, sworn to April 13, 2012 ("Platt Decl."), in support of its motion, pursuant to 28 U.S.C. § 157(d), Rule 5011(a) of the Federal Rules of Bankruptcy Procedure, and Rule 5011-1 of the Local Rules of the Bankruptcy Court, for an order withdrawing the reference of the above-captioned action to the United States Bankruptcy Court for the Southern District of New York.[1]

## PRELIMINARY STATEMENT

This case is one of many substantially similar cases that Irving Picard (the "Trustee"), the Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), has brought against alleged subsequent transferees of proceeds that Fairfield Sentry Limited "(Fairfield Sentry"), a British Virgin Islands fund and the largest of the Madoff "feeder funds," received from BLMIS.  In all of these cases, the Trustee seeks to recover the alleged subsequent transfers under Section 78fff-2(c)(3) of the Securities Investor Protection Act ("SIPA") and Sections 550(a) and 551 of the Bankruptcy Code.

In support of its motion to withdraw the reference, BSI adopts and incorporates in full the arguments set forth in the briefs that were filed in related cases, including but not limited to the *Stern v. Marshall* issues, to avoid burdening the Court with repetitious briefing.

## STATEMENT OF FACTS

On March 23, 2012, the Trustee filed a complaint against BSI.  *See* Complaint (annexed to the Platt Decl. as Exhibit A), ¶ 21. The Complaint does not allege that BSI was a direct customer of BLMIS.  Rather, the Trustee claims that BSI received subsequent transfers of approximately $47,510,873 as a result of redeeming shares in Fairfield Sentry, a BVI fund that

---

[1] By making this motion, BSI does not waive, and expressly reserves, all rights, remedies and defenses, including, without limitation, all defenses based on lack of personal jurisdiction.

invested in BLMIS.  *See id*., ¶¶ 2, 33.  The Trustee also claims that BSI received subsequent transfers of approximately $8,848,710 as a result of redeeming shares in Fairfield Sigma, a BVI fund that invested in BLMIS <u>*see id*</u>., ¶¶42-51.

The  Trustee asserts a single cause of action against BSI, under Section 78fff-2(c)(3) of SIPA, Section 273 of the New York Debtor & Creditor Law, and Sections 550(a) and 551 of the Bankruptcy Code, to recover the approximately $56,359,583 in alleged subsequent transfers. See id., ¶¶2, 40, Count One.  The Trustee does not claim that BSI received the alleged subsequent transfers in bad faith or that it knew of or was willfully blind to Madoff's fraud. Rather, the Complaint alleges merely that BSI "knowingly received subsequent transfer from BLMIS  by withdrawing money from Fairfield Sentry and Fairfield Sigma…" Id., ¶6.

The Trustee asserts that the proceeds at issue in this action originated from BLMIS and that they are part of the approximately $3 billion in initial transfers that Fairfield Sentry received from BLMIS during the six-year period prior to December 11, 2008.  *Id.*, ¶¶ 35, 40.  BSI was not a party to *Picard v. Fairfield Sentry Ltd., et al*., Adv. Pro. No. 08-01239 (BRL), the adversary proceeding in which the Trustee asserted the right to avoid and recover those initial transfers. *See id.,* ¶ 34; Platt Decl., ¶ 3.  Nor was BSI a party to the settlement agreement or the consent judgment that  terminated that lawsuit.  *See* Complaint, ¶ 39; Platt Decl., ¶ 3.

BSI plans to move to dismiss the Complaint on a number of grounds that will require the significant interpretation of federal laws apart from the bankruptcy statues.  Each of these issues requires withdrawal of the reference to the Bankruptcy Court.

## <u>ARGUMENT</u>

BSI's motion to withdraw the reference should be granted for all of the same reasons that are set forth in the memoranda of law that were filed by SNS Bank N.V. and the Barclays Bank

entities in the related cases entitled Picard v. SNS Bank N.V., et al., Adv. Pro. No. 12-01046 (BRL), and Picard v. Barclays Bank (Suisse) S.A., et al., 12-cv-01882 (JSR).  A copy of the briefs that were filed by those Defendants are annexed to the Platt Declaration as exhibit B.  BSI hereby incorporates by reference each of the legal arguments raised by those Defendants in their memoranda of law, including but not limited to the *Stern v. Marshall* arguments.  BSI also adopts and incorporates by reference the argument made by Pictet et Cie in the related case, *Picard v. Pictet et Cie,* Adv. Pro. No. 11-01724 (BRL), that the reference must be withdrawn so that the Court can consider the extent to which BSI is entitled to "credits" for reinvestments.

The reference to the Bankruptcy Court should be withdrawn on the additional ground that the determination of whether the initial transfers to Fairfield Sentry satisfied antecedent debts required the significant interpretation of the federal securities laws.  *See Picard v. Flinn Invs., LLC,* 463 B.R. 280, 284-85 (S.D.N.Y. 2011) (Madoff, Jr.) (withdrawing the reference on the ground that resolving whether the Trustee can avoid initial transfers that, under applicable securities laws, satisfied antecedent debts "requires 'significant interpretation' of the securities laws.") *accord Picard v. Avellino, Nos.* 11 Civ. 3882, 11 Civ. 4772, 11 Civ. 4928, 11 Civ. 6244, 11 Civ. 5835, 2012 WL 826602, at *2 (S.D.N.Y. Feb. 28, 2012) (Radoff, J.).  If the initial transfers satisfied antecedent debts, then those transfers were made "for value" and cannot be avoided by the Trustee.  *See* 11 U.S.C. §§ 548(c), 548(d)(20(A).  And unless the initial transfers first are avoided, the Trustee may not recover the proceeds from alleged subsequent transferees like BSI.  *See* 11 U.S.C. § 550(a) (Trustee may recover from subsequent  transferee only "to the extent that [the] transfer [to an initial transferee] is avoided").

## CONCLUSION

For all of the ongoing reasons, BSI's motion for an Order withdrawing the reference of the above-captioned action to the Bankruptcy Court should be granted.

Dated:        New York, New York

              April 17, 2012

                                    WILMER CUTLER PICKERING HALE AND
                                    DORR LLP


                                    /s/ Charles C. Platt
                                    Charles C. Platt
                                    399 Park Avenue
                                    New York, New York 10022
                                    Telephone: (212) 230-8860
                                    charles.platt@wilmerhale.com

                                    *Attorneys for Defendant BSI*